# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| DEVON ARSENEAU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| ELAINE PUDLOWSKI, FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C., JAMES D. REID, JAMES D. REID, Ph.D., LLC, BRIAN DUNLOP and DUNLOP & MCCARTER, | ) | Jury Trial Demanded |
| | ) | |
| Defendants, | | |

## VERIFIED PETITION PURSUANT TO 42 U.S.C. 1983

COMES NOW Plaintiff Devon Arseneau ("Plaintiff"), by and through undersigned counsel, and, for her Verified Petition Pursuant to 42 U.S.C. 1983, states as follows:

## INTRODUCTION

1. This Petition is filed pursuant to 42 U.S.C. 1983 with respect to conduct by certain parties appointed by the St. Louis County Circuit Court in case number 13SL-DR00863-04. This Petition seeks to relieve Plaintiff from the results of that conduct, including relief from a July 1, 2020 judgment and an award of damages.

## PARTIES

2. Plaintiff is a resident of St. Charles County, State of Missouri.

3. Defendant Elaine Pudlowski ("Pudlowski") is a resident of St. Louis City, State of Missouri.

4. Defendant Frankel, Rubin, Klein, Payne & Pudlowski, P.C. ("Frankel") is a Missouri Professional Corporation with its principal place of business in St. Louis County, State of Missouri, employing Pudlowski as an attorney at law and GAL.

5. Defendant James D. Reid ("Reid") is a resident of St. Louis City, State of Missouri.

6. Defendant James D. Reid Ph.D., LLC ("Reid LLC") is a Missouri limited liability company with its principal place of business in St. Louis County, Missouri.

7. Defendant Brian Dunlop ("Dunlop") is a resident of St. Louis County, State of Missouri.

8. Defendant Dunlop & McCarter ("DM"), upon information and belief, is an unincorporated association or partnership with its principal place of business in St. Louis County, Missouri.

## JURISDICTION AND VENUE

9. This Petition is filed pursuant to 42 U.S.C. 1983. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331. Venue is proper in this district pursuant to 28 U.S.C. 1391(b).

## FACTS

### Elaine Pudlowski – Guardian Ad Litem

10. On March 31, 2016, Pudlowski was appointed by Court order, as required by Missouri Statute in cases regarding the abuse and neglect of minor children, to serve as *Guardian ad Litem* in Arseneau v. Arseneau, Case No. 13SL- DR00863, et. seq.

11. At all times herein, in her capacity as appointed GAL, Pudlowski was acting under color of state law.

12. At all times herein, Frankel was Pudlowski's employer and is responsible for her conduct.

13. Pudlowski entered her appearance on April 4, 2016 as required by Missouri Supreme Court Rules for Guardian Ad Litem and was tasked with "representing the best interests of the minor child," Austin Arseneau.

14. Pudlowski acted outside the scope of her licensure, expertise, and terms of her court appointment by misrepresenting her qualifications for this case to the Court in that she has no training in the following: mental health issues; alcohol or drug addiction; medicine; trauma, domestic violence; sexual abuse of children; or childhood and adolescent development yet determined and represented to the court that the child was not at risk.

15. Pudlowski misrepresented to the Court the findings and conclusions set forth in a Full Child Order of Protection for Austin Arseneau issued by the St. Charles County Circuit Court in December 2015.

16. Pudlowski questioned and attempted to retry the issues addressed on the Full Child Order of Protection.

**James D. Reid - Court Appointed Expert Witness, Psychological Evaluator**

17. On May 18, 2016, Reid was appointed to conduct a psychological evaluation of Joshua Arseneau, Devon Arseneau and a custody evaluation of Austin Arseneau.

18. At all times herein, in his capacity as appointed psychologist, Reid was acting under color of state law.

19. At all times herein, Defendant Reid, LLC was Reid's employer and is responsible for his conduct herein.

20.	Reid's report and testimony was subject to Missouri Court Rule 60.01. He was required to be a "licensed expert" and to provide "a detailed written report of the examiner or evaluator setting out the findings, including results of all tests made, diagnosis, and conclusions, together with like reports of all earlier examinations or evaluations of the same condition."

21.	Reid's report, completed December 20, 2016, is subject to RS Mo. 490.065 which states "The facts or data in a particular case upon which an expert bases an opinion or inference must be of a type reasonably relied upon by experts in the field in forming opinions or inferences upon the subject and must be otherwise reasonably reliable."

22.	Reid acted outside the scope of his professional certification, expertise, and terms of his appointment by misrepresenting to the Court his qualifications for this case in that he has no training or licensure in child abuse, domestic violence, medicine, trauma, sexual abuse, or childhood and adolescent development, yet determined and represented to the court that the child was not at risk.

23.	Reid misrepresented to the Court medical records which reveal a history of mental health issues and psychotropic medications incongruent with Reid's diagnosis of Plaintiff's former husband.

24.	Reid did not report, investigate, or take seriously admitted homicidal ideations toward Plaintiff and her current husband.

25.	Reid diagnosed Plaintiff with Borderline Personality Disorder without factual basis, and then recanted his position in testimony to the Court.

26.	Reid knew that his diagnosis of Plaintiff was false and was designed to fraudulently rally the Court against her, without committing to it during testimony.

27. Reid admitted to falsifying elements of his false diagnosis of Plaintiff, which continue to be present in his reports handed out to certain professionals per the court order.

28. Reid made no attempt to correct or amend his report to rectify his mistake.

29. Reid misrepresented to the Court the findings and conclusions set forth in a Full Child Order of Protection for Austin Arseneau issued by the St. Charles County Circuit Court in December 2015.

30. Based on Reid's fraudulent diagnosis and influence on the Court, this Court should vacate the July 1, 2020 judgment.

31. As a health care provider, and without proper legal authority, Reid's conduct to improperly disclose Plaintiff's health condition is a violation of the Health Insurance Portability and Accountability Act ("HIPPA"). See 45 C.F.R. 164, et. seq., 45 C.F.R. 164.502.

32. Reid manufactured a false diagnosis of Plaintiff, which was admitted by Reid in trial testimony in further violation of HIPPA.

33. Reid used the court system to manufacture and disseminate a false diagnosis of Plaintiff in violation of violated Missouri evidentiary rules and statutes regarding perjury, as well as violations of HIPAA.

**Brian Dunlop – Guardian Ad Litem**

34. On April 30, 2013, Brian Dunlop was appointed by Court order to serve as *Guardian ad Litem* in Arseneau v. Arseneau, Case No. 13SL- DR00863, et. seq.

35. Dunlop was tasked with "representing the best interests of the minor child", in this case his client, Austin Arseneau.

36. At all times herein, in his capacity as appointed GAL, Dunlop was acting under color of state law.

37. At all times herein, DM was Dunlop's employer and is responsible for his conduct herein.

38. Dunlop acted outside the scope of his licensure, expertise, and terms of his court appointment by misrepresenting his qualifications for this case to the Court in that he has no training in the following: mental health issues; alcohol or drug addiction; medicine; trauma, domestic violence; sexual abuse of children; or childhood and adolescent development. I do not know his background

39. Dunlop intentionally blocked reporting of sexual abuse towards his client such that it would not be addressed in court proceedings.

40. Dunlop refused to allow his client's therapist to testify.

41. Dunlop failed to seek therapy for his client while the child was being molested.

42. Dunlop refused to engage in discussions of abuse of his client or findings regarding abuse.

43. Dunlop threatened Plaintiff's attorney to settle the case and not continue with trial.

44. Dunlop failed to acknowledge that his client was at risk of abuse.

45. In Court chambers, Dunlop threatened Plaintiff with losing legal custody of Dunlop's client if Plaintiff continued with the trial and not settle.

**COUNT I – VIOLATIONS OF 42 U.S.C. 1983, U.S. CONST AMEND. V AND U.S. CONST. AMEND XIV AGAINST DEFENDANTS PUDLOWSKI AND FRANKEL**

46. Plaintiff realleges paragraphs one through 45 as if fully set forth herein.

47. At all times alleged herein, and during all allegations to which Pudlowski is referenced, Pudlowski was acting under color of state law, statute, court rule and custom.

48. Pudlowski and Frankel violated Plaintiff's rights under 42 U.S.C. 1983 and, more particularly, Plaintiff's rights under the Fifth, Sixth, and 14th Amendments to the United States Constitution.

49. Pudlowski and Frankel deprived Plaintiff of her right to due process under the Fifth Amendment, right to a criminal proceeding under the Sixth Amendment and her right to equal protection of Missouri and federal law and procedural due process under the 14th Amendment.

50. As a result of Pudlowski and Frankel's actions, Plaintiff suffered violations of her Fifth Amendment, Sixth Amendment, and 14th Amendment rights to due process, procedural due process, criminal proceedings, fair trial, and equal protection of Missouri and federal law.

51. As a result of Pudlowski and Frankel's actions, Plaintiff has been damaged.

**COUNT II – VIOLATIONS OF 42 U.S.C. 1983, U.S. CONST AMEND. V AND U.S. CONST. AMEND XIV AGAINST DEFENDANTS REID AND REID, LLC**

52. Plaintiff realleges paragraphs one through 51 as if fully set forth herein.

53. At all times alleged herein, and during all allegations to which Reid is referenced, Reid was acting under color of state law, statute, court rule and custom.

54. Reid and Reid, LLC violated Plaintiff's rights under 42 U.S.C. 1983 and, more particularly, Plaintiff's rights under the Fifth and 14th Amendments to the United States Constitution.

55. Reid and Reid, LLC deprived Plaintiff of her right to due process under the Fifth Amendment, right to a criminal proceeding under the Sixth Amendment and her right to equal protection of Missouri and federal law and procedural due process under the 14th Amendment.

56. As a result of Reid and Reid, LLC's actions, Plaintiff suffered violations of her Fifth Amendment, Sixth Amendment, and 14th Amendment rights to due process, procedural due process, criminal proceedings, fair trial, and equal protection of Missouri and federal law.

57. As a result of Reid and Reid LLC's actions, Plaintiff has been damaged.

**COUNT III – VIOLATIONS OF 42 U.S.C. 1983, U.S. CONST AMEND. V AND U.S. CONST. AMEND XIV AGAINST DEFENDANTS DUNLOP AND DM**

58. Plaintiff realleges paragraphs one through 57 as if fully set forth herein.

59. At all times alleged herein, and during all allegations to which Dunlop is referenced, Dunlop was acting under color of state law, statute, court rule and custom.

60. Dunlop and DM violated Plaintiff's rights under 42 U.S.C. 1983 and, more particularly, Plaintiff's rights under the Fifth and 14th Amendments to the United States Constitution.

61. Dunlop and DM deprived Plaintiff of her right to due process under the Fifth Amendment, right to a criminal proceeding under the Sixth Amendment and her right to equal protection of Missouri and federal law and procedural due process under the 14th Amendment.

62. As a result of Dunlop and DM's actions, Plaintiff suffered violations of her Fifth Amendment, Sixth Amendment, and 14th Amendment rights to due process, procedural due process, criminal proceedings, fair trial, and equal protection of Missouri and federal law.

63. As a result of Dunlop's actions, Plaintiff has been damaged.

**COUNT V – INJUNCTIVE RELIEF**

64. Plaintiff realleges paragraphs one through 63 as if fully set forth herein.

65. Plaintiff will suffer injury in the future from the actions and practices of Defendants.

66. Plaintiff will likely have another encounter in the future with Defendants, or their respective colleagues, in connection with the underlying case in St. Louis County Circuit Court, State of Missouri, that is the source and subject of the allegations contained in this Petition.

67. Defendants will likely again treat Plaintiff in the same unconstitutional manner since these actions and constitutional violations have occurred consistently in the underlying state case since approximately 2015.

68. A result of the foregoing individual actions of Defendants to violate Plaintiff's constitutional rights, including Plaintiff's rights under the Fifth and 14th Amendments, was a judgment rendered by the Court July 1, 2020 which states as follows:

> A JUDGMENT WAS ENTERED IN THIS CASE ON FEBRUARY 28, 2018. THIS JUDGMENT WAS SET ASIDE WHEN MOTHER'S MOTION TO REOPEN THE EVIDENCE WAS GRANTED. ADD'L TESTIMONY WAS TAKEN ON AUGUST 27, 2018 & SEPTEMBER 17, 2018; THE COURT FINDS THAT A SUBSTANTIAL CHANGE IN CIRCUMSTANCES HAS OCCURED REGARDING AUSTIN OR HIS CUSTODIANS WHICH MAKE A MODIFICATION OF CUSTODY NECESSARY TO SERVE HIS BEST INTEREST. THE COURT FINDS THAT IT IS IN AUSTIN'S BEST INTEREST THAT FATHER HAVE SOLE LEGAL CUSTODY PER GAL'S EXH(1) ; THE PARTIES SHALL HAVE JOINT PHYSICAL CUSTODY, USING FATHER'S ADDRESS FOR MAILING AND EDUCATIONAL PURPOSES; GAL EXHIBIT #1 AS AMENDED BY THE COURT WITH HOLIDAYS AND SPECIAL DAYS AND EX(2) ARE FOUND TO BE IN AUSTIN'S BEST INTEREST. THEY ARE INCORPORATED INTO AND MADE A PART OF THIS JUDGMENT; FATHER ORDERED TO PAY MOTHER $299/MNTH AS AND FOR CHILD SUPPORT; FORM 14'S ATTACHED. ALL PROVISIONS OF EX(2) ARE INCORPORATED INTO AND MADE PART OF THIS JUDGMENT; SEE AMENDED JUDGMENT FOR ADD'L DETAILS & OTHER ORDERS. EACH PARTY SHALL PAY THEIR OWN ATTYS FEES. COSTS SHALL BE PAID FROM THE COSTS DEPOSITED. SO ORDERED COMM MCKEE ADOPTED AND APPROVED JUDGE BRUCE HILTON

69. The judgment of July 1, 2020 should be set aside insofar as it is the result, and was only made possible, by Defendants' actions to violate Plaintiff's constitutional rights, including Plaintiff's rights under the Fifth and 14th Amendments.

**WHEREFORE** Plaintiff prays for this Honorable Court to find in favor of Plaintiff as to Counts I through V as follows:

A. Vacate the July 1, 2020 St. Louis County Circuit Court judgment in its entirety;

B. Strike Reid's report and testimony from the previous St. Louis County Circuit Court records, and provide a visible amendment filed with the court;

D. Award Plaintiff damages from all Defendants, jointly and severally, in an amount of not less than $100,000.00; and

E. For other relief as is just and adequate.

The allegations herein are true and accurate to the best of my knowledge, information, and belief.

_____
Devon Arseneau, Plaintiff


Respectfully submitted,

/s/ J. Christopher Wehrle
James Christopher Wehrle, 45592
**WEHRLE LAW LLC**
2601 S. Hanley Rd.
St. Louis, Missouri 63144
(314) 272-4113
(314) 272-4107 Facsimile
chris@wehrlelaw.com